UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

BARBARA BOWDEN, executrix for the estate of Charles Markham Bowden,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY, et al.,

Defendants.

Civil Action No. 07-CV-431-JMH

**MEMORANDUM OPINION AND ORDER**

** ** ** ** **

On January 30, 2008, this Court entered an order requiring the parties to show cause why this matter should not be dismissed as there is no actual controversy presented by Plaintiff's Complaint and the Court should decline to consider Plaintiff's request for declaratory relief [Record No. 11]. The parties have now responded [Record Nos. 12 and 13], and this matter is ripe for consideration.

Defendant Scottsdale Insurance Company (hereinafter, "Scottsdale") has responded, stating it believes a dismissal without prejudice is appropriate. Plaintiff Bowden argues that there does exist an "actual controversy" under KRS 418.040, the Commonwealth's declaratory judgment act, and that dismissal of the matter is not appropriate. Plaintiff Bowden argues that *Ford v. Ratliff,* 183 S.W.3d 199, 203 (Ky. App. 2006), and *Cuppy v. General Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 632 (Ky. 1964), relate matters where an injured party sought to bring a

direct action against an insurer for an underlying tort claim – not an action for a declaration of rights under an insurance policy – and that these matters are, thus, inapplicable to the matter at hand. In fact, *Ford* and *Cuppy* are applicable to the matter at hand for they inform the Court and the parties that Kentucky law does not recognize a "direct action" by an injured party against an insurer of a tortfeasor and are, thus, relevant to the issue of whether this Court "will decline the request for a declaration of rights by the injured party [against an insurer] when state law prevents an injured party from filing a direct action against the insurer." *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 749 (Mich. 1993).

Indeed, it is the series of cases upon which Plaintiff relies which are inapposite. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), *Fireman's Ins. Co. of Washington, D.C. v. Kline & Son.*, 474 F.Supp.2d 779 (E.D. Va. 2007), *T.H.E. Insurance Company v. Dowdy's Amusement Park*, 820 F. Supp. 238 (E.D.N.C. 1993), *Georgia American Ins. Co. v. Johnson*, 712 F. Supp. 530 (S.D. Miss. 1989), and *State Farm Mut. Auto. Ins. Co. v. Sampson*, 305 F. Supp. 50 (D. Fla. 1969), all address situations where the insurer sought a declaration as to coverage against its insured (the alleged tortfeasor) and, in some instances, the injured party as well. *ACandS, Inc. v. Aetna Cas. and Sur. Co.*, 666 F.2d 819 (3d Cir. 1981), addresses a situation where an insured sought a

declaration of rights under a contract of insurance with an insurer. Only in *Edwards v. Sharkey*, 747 F.2d 684 (11th Cir. 1984), was an injured party permitted to seek a declaration of coverage against the alleged tortfeasor's insurance although no judgment had been rendered. In *Edwards*, however, the injured party sought a declaration of the relative liability of multiple insurers for a settlement, already reached, of the controversy between the injured party and the alleged tortfeasor. *Id*.

Not one of these cases provides support for the proposition that an alleged victim of a tort has standing to seek a declaration of rights against the insurer of an alleged tortfeasor prior to the time that judgment (or a settlement) is obtained in a tort suit. The Court does not wish to belabor the issue and, so, will explain it quite simply. The insurer and its insured have between them a contract of insurance – a more or less neatly packaged, readily identifiable, and pre-existing legal relationship – from which a declaration of rights may flow. An injured party without a judgment in hand may wistfully assume that he or she will someday have standing as a putative third-party beneficiary to a contract of insurance between the alleged tortfeasor and his or her alleged insurer, but that injured party's relationship to the alleged tortfeasor and the insurer remains too remote to permit him or her to pursue a declaration of coverage.

Again, as Plaintiff has not yet obtained a judgment in the

underlying medical malpractice action against Dr. Nat Sandler, purportedly insured by Defendant Scottsdale, Plaintiff lacks standing to pursue a claim against Scottsdale. Neither Plaintiff Bowden or Defendant Scottsdale having shown cause why this matter should not be dismissed, it follows that this matter will be dismissed without prejudice for the reasons stated in the Court's opinion of January 30, 2008.

Accordingly, **IT IS ORDERED** that Plaintiff's claims against Defendant Scottsdale Insurance Company shall be, and the same hereby are, **DISMISSED WITHOUT PREJUDICE** for the reasons stated in this Court's opinion of January 30, 2008 [Record No. 11].

This the 13th day of February, 2008.




**Signed By:**
***Joseph M. Hood***
**Senior U.S. District Judge**